In re STEVENSON'S ESTATE.

(Surrogate's Court, New York County. November 7, 1914.)

1. INFANTS (§ 83*)—SETTLEMENT OF ESTATE—SPECIAL GUARDIAN—COMPENSATION.

Code Civ. Proc. § 2561, relating to trials in Surrogates' Courts, prior to 1914, provided that the surrogate, on rendering a decree, in his discretion might fix such a sum, to be allowed as costs, in addition to disbursements, as he deemed reasonable, not exceeding, in case of no contest, $25, or, in case of a contest, $70. Section 2748, as amended by Laws 1914, c. 443, without any repealing clause, provides that a special guardian for an infant or incompetent shall receive a reasonable compensation for his services, to be fixed by the surrogate, payable from the estate or fund, or from the interest of the ward therein, or from both, in such proportion as the surrogate may direct. Held, that the latter section should not be considered as repealing the former, and that where objections filed in a contest were withdrawn, and there was nothing presently due to infants rep-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

resented by a special guardian, his compensation was governed by section 2561 of the old Code.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 232–235; Dec. Dig. § 83.*]

2. JUDGMENT (§ 528*)—SURROGATES' DECREES—EFFECT.

Decrees of Surrogates' Courts in the settlement of decedents' estates operate almost exclusively in personam, and not on the res.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 972; Dec. Dig. §*528.*]

Judicial settlement of the estate of David Stevenson, deceased. On application by special guardian for an allowance. Compensation fixed.

Merrill & Rogers, of New York City, for petitioner.

Bartholomew & Geer, of New York City, for Florence Stevenson Le Boutillier.

William J. Griffin, of New York City, for National Surety Co.

Daniel J. Mooney, of New York City, special guardian.

FOWLER, S. In this case the objections were withdrawn and there was no contest. Nothing is coming presently to the infants represented by the special guardian, and if anything is allowed to the guardian it must be paid by others than the infants and out of their own property.

[1] This application is justified by the new section 2748, Code of Civil Procedure. I have grave doubts if that section is a valid justification for the application. The act (chapter 443, Laws of 1914) did not, I think, take into consideration that the Surrogates' Courts are not courts of equity in possession of the res. The Surrogates' Courts are not in possession of the estates on which they grant letters testamentary or of administration. The jurisdiction of courts of equity to grant costs out of the res in court was only allowed after a long and historic struggle, and then on that ground only.

[2] Decrees of Surrogates' Courts operate almost exclusively in personam, and not on the res. Whether the Legislature had the power to authorize surrogates to grant allowances out of other people's property is open to much argument and to grave doubt; and I prefer not to act on a doubtful authority until the higher tribunals of the state have passed on the point and held that I have the authority. Then some universal standard as to the amount of the allowance will have to be reached, as surrogates cannot refer it to a master or referee to report a suitable amount, as can a court of equity. Allowances out of other people's property at the will of the surrogate would, I fear in my case, be open to criticism, and I will not at present allow them for the reasons stated. Besides, the new act contains no repealing clause, and section 2561 of chapter 18 of the old Code is not inconsistent with section 2748 of the present law. By the said section 2748 as construed the surrogate would be authorized to allow $70 to the special guardian in this instance and no more.

The decree will provide for $70 in this instance. Costs taxed and compensation to special guardian fixed. Insert amounts for distribution in decree.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes